# Exhibit 1



Legislative Council,
General Assembly
State of Delaware

LAWS OF DELAWARE
VOLUME 83
CHAPTER 332
151st GENERAL ASSEMBLY
FORMERLY
SENATE BILL NO. 302

AN ACT TO AMEND TITLE 10 AND TITLE 11 OF THE DELAWARE CODE RELATING TO FIREARMS.

BE IT ENACTED BY THE GENERAL ASSEMBLY OF THE STATE OF DELAWARE:

Section 1. The General Assembly finds and declares all of the following:

(1) Delaware courts have issued decisions which have purported to limit the ability to pursue civil actions for abatement, damages, and other relief from the negligent, reckless, and, in some cases, illegal conduct of bad actors in the firearm industry, whose misconduct results in harm to the public and fuels the epidemic of gun violence in Delaware and across the nation.

(2) The practical result of those decisions is that the people of Delaware have been deprived in many cases of adequate protection from and appropriate redress for injuries to public health and safety resulting from gun violence.

(3) With respect to gun violence, the unavailability of a robust public nuisance statute related to the sale, manufacturing, importing, or marketing of a firearm-related product has limited the ability to seek legal redress in situations where firearms manufacturers and retail dealers may have knowingly or recklessly taken actions that have endangered the safety and health of Delaware residents through the sale, manufacture, distribution, and marketing of lethal, but nonetheless legal, firearms. Even as manufacturers have incorporated features and technology resulting in more deadly and destructive firearms, some actors in the firearm industry have implemented sales, distribution, and marketing practices that have contributed to the development of an illegal secondary market for these increasingly dangerous instruments.

(4) The federal government has enacted the Protection of Lawful Commerce in Arms Act ("PLCAA"), which also limits the ability of those injured by firearms to bring civil actions. However, PLCAA was intended only to limit such claims under the common law, and recognizes the ability of the states to enact statutes applicable to the sale or marketing of firearms, and expressly provides that causes of action may proceed where there are violations of such statutes.

(5) Therefore, it is necessary and proper to promote and protect the health, safety, and welfare of the people of Delaware by amending § 1448A of Title 11 of the Delaware Code and establishing a statutory cause of action for public nuisance and other violations to address injuries to public health and safety and to seek relief, including abatement and other injunctive relief, damages, and attorneys' fees and costs.

Section 2. Amend § 1448A, Title 11 of the Delaware Code by making deletions as shown by strike through and insertions as shown by underline as follows:

§ 1448A. Criminal history record checks for sales of firearms.

(d) ~~Compliance with the provisions of this section shall be a complete defense to any claim or cause of action under the laws of this State for liability for damages arising from the importation or manufacture of any firearm which has been shipped or transported in interstate or foreign commerce. In addition, compliance with the provisions of this section or § 1448B of this title, as the case may be, shall be a complete defense to any claim or cause of action under the laws of this State for liability for damages allegedly arising from the actions of the transferee subsequent to the date of said compliance wherein the claim for damages is factually connected to said compliant transfer.~~ [Repealed.]

Section 3. Amend Chapter 39, Title 10 of the Delaware Code by making deletions as shown by strike through and insertions as shown by underline as follows:

<u>§ 3928. Civil action for public nuisance by firearm industry member.</u>

<u>(a) For purposes of this section:</u>

<u>(1) "Firearm industry member" means a person engaged in the sale, manufacturing, distribution, importing, or marketing of a firearm-related product.</u>

<u>(2) "Firearm-related product" means a product that meets any of the following conditions:</u>

<u>a. The product was sold, made, distributed, or marketed in this State.</u>

<u>b. The product was intended to be sold, made, distributed, or marketed in this State.</u>

<u>c. The product was possessed in this State, and it was reasonably foreseeable that the product would be possessed or used in this State.</u>

(3) "Firearm trafficker" means a person who acquires, transfers, or attempts to acquire or transfer a firearm for purposes of unlawful commerce.

(4) "Product" means a firearm, ammunition, a firearm component, including unfinished firearm frames or receivers, as defined under § 222 of Title 11, or a firearm accessory.

(5) "Public nuisance" means a condition which injures, endangers, or threatens to injure or endanger or contributes to the injury or endangerment of the health, safety, peace, comfort, or convenience of others or otherwise constitutes a public nuisance under common law.

(6) "Reasonable controls" means reasonable procedures, safeguards, and business practices that are designed to do all of the following:

a. Prevent the sale or distribution of a firearm-related product to a straw purchaser, a firearm trafficker, a person prohibited from possessing a firearm under state or federal law, or a person who the firearm industry member has reasonable cause to believe is at substantial risk of using a firearm-related product to harm themselves or unlawfully harm another or of unlawfully possessing or using a firearm-related product.

b. Prevent the loss of a firearm-related product or theft of a firearm-related product from a firearm industry member.

c. Ensure that the firearm industry member complies with all provisions of state and federal law and does not otherwise promote the unlawful manufacture, sale, possession, marketing, or use of a firearm-related product.

d. Ensure that the firearm industry member does not engage in an act or practice in violation of Subchapter II or Subchapter III of Chapter 25 of Title 6.

(7)a. "Straw purchaser" means an individual who conceals, or intends to conceal, from a person that the purchase of a firearm-related product is being made on behalf of a third party.

b. "Straw purchaser" does not include a bona fide gift to a person who is not prohibited by law from possessing or receiving a firearm-related product. For purposes of this paragraph (7)b., a gift to a person is not a bona fide gift if the person has offered or given the purchaser a service or thing of value to acquire the firearm-related product for the person.

(b) A firearm industry member, by conduct unlawful in itself or unreasonable under all the circumstances, may not knowingly or recklessly create, maintain, or contribute to a public nuisance through the sale, manufacturing, importing, or marketing of a firearm-related product.

(c) A firearm industry member shall establish and implement reasonable controls regarding the manufacture, sale, distribution, use, and marketing of the firearm industry member's firearm-related products.

(d) A violation of subsection (b) or (c) of this section is a public nuisance.

(e) A firearm industry member's conduct constitutes a proximate cause of the public nuisance if the harm to the public is a reasonably foreseeable effect of the conduct, notwithstanding any intervening actions, including criminal actions by third parties.

(f) Whenever it appears to the Attorney General that a firearm industry member has engaged in or is engaging in conduct in violation of this section, the Attorney General may commence an action to seek and obtain any of the following:

(1) An injunction prohibiting the firearm industry member from continuing the conduct or engaging in the conduct or doing any acts in furtherance of the conduct.

(2) An order providing for abatement of the nuisance at the expense of the firearm industry member.

(3) Restitution.

(4) Compensatory and punitive damages.

(5) Reasonable attorney's fees, filing fees, and reasonable costs of the action.

(6) Any other appropriate relief.

(g)(1) A person that has been damaged as a result of a firearm industry member's acts or omissions in violation of this section may commence an action to seek and obtain any of the following:

a. Injunctive relief.

b. Compensatory and punitive damages.

c. Reasonable attorney's fees, filing fees, and reasonable costs of the action.

(2) If a person commences an action under paragraph (g)(1) of this section, the person shall within 5 days of filing the complaint notify the Attorney General of the filing of the complaint and provide the Attorney General with a copy of the complaint and any other documents or pleadings filed with the complaint.

(h) To prevail in an action under this section, the party seeking relief is not required to demonstrate that the firearm industry member acted with the intent to engage in a public nuisance or otherwise cause harm to the public.

(i) This section may not be construed or implied to limit or impair in any way any of the following:

(1) The right of a person to pursue a legal action under any other law, including Chapter 25 of Title 6.

(2) An obligation or requirement placed on a firearm industry member by any other law.

(j) This section must be construed and applied in a manner that is consistent with the requirements of the Delaware and the United States Constitutions.

(k) Nothing in this section is intended to restrict or alter the availability of an action for relief from or to remedy a public nuisance at common law.

Section 4. If a provision of this Act, or the application of this Act to a person or circumstance, is held invalid, the provisions of this Act are severable if the invalidity does not affect the other provisions of this Act, or applications of this Act, that can be given effect without the invalid provision or invalid application of this Act.

Section 5. This Act is known as the "Keshall 'KeKe' Anderson Safe Firearm Sales Act".

Approved June 30, 2022