IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NATIONAL SHOOTING SPORTS
FOUNDATION,

    Plaintiff,

v.

KATHY JENNINGS, ATTORNEY GENERAL OF
THE STATE OF DELAWARE,

    Defendant.

Civil Action No. 22-1499-RGA

## **MEMORANDUM ORDER**

Before me are letters from both parties addressing the Third Circuit's recent decision in *Nat'l Shooting Sports Found. v. Att'y Gen. of N.J.*, 2023 WL 5286171 (3d Cir. Aug. 17, 2023). In that case, the Third Circuit held that Plaintiff National Shooting Sports Foundation lacked Article III standing to pursue its pre-enforcement challenge of New Jersey's public nuisance statute. (*Id.* at *6). In light of the similarities between the New Jersey case and the case at bar, I asked the parties why I shouldn't reach the same conclusion here. (D.I. 37). Plaintiff argues that the facts of this case are meaningfully different from those of the New Jersey case, and that these differences confer standing. (D.I. 38). Defendant argues to the contrary. (D.I. 41). I agree with Defendant.

It is undisputed that the challenged statute here, Delaware Senate Bill 302 ("SB 302"), DEL. CODE ANN. tit. 10, §§ 3930(a) *et seq.*, strongly resembles the statute at issue in the New Jersey case, N.J. STAT. ANN. §§ 2C:58-33(a) *et seq.* The New Jersey statute empowers the state

1

Attorney General to sue firearms industry members whose "unlawful" or "unreasonable" conduct "contributes to a public nuisance through the sale, manufacturing, distribution, importing, or marketing of a gun-related product." N.J. STAT. ANN. § 2C:58-33(a)(1). So does SB 302. DEL. CODE ANN. tit. 10, § 3930(b). The New Jersey statute requires industry members to "establish, implement, and enforce reasonable controls" on these activities. N.J. STAT. ANN. § 2C:58-35(a)(2). So does SB 302. DEL. CODE ANN. tit. 10, § 3930(c). As Plaintiff acknowledged at oral argument (D.I. 34 at 9:9-21), "the only meaningful distinction" between the two statutes is that the New Jersey statute doesn't authorize a private cause of action, whereas SB 302 does. DEL. CODE ANN. tit. 10, § 3930(g).

Article III standing to sue is a threshold requirement in every federal case. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). Standing is necessary for subject matter jurisdiction. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014). "To establish standing, a plaintiff must show an injury in fact caused by the defendant and redressable by a court order." *United States v. Texas*, 143 S. Ct. 1964, 1970 (2023). An injury in fact must be "concrete, particularized, and imminent rather than conjectural or hypothetical." *Trump v. New York*, 141 S. Ct. 530, 535 (2020) (per curiam) (internal quotation marks omitted). In a pre-enforcement challenge, to demonstrate that the threat of enforcement is imminent, a plaintiff must show that it (1) intends to take action that is (2) "arguably affected with a constitutional interest" but is (3) arguably forbidden by the law, and (4) the threat of enforcement against it is substantial. *Nat'l Shooting Sports Found.*, 2023 WL 5286171, at *2 (quoting *Driehaus*, 573 U.S. at 159).

In the New Jersey case, the Third Circuit held that Plaintiff failed to satisfy these requirements. *Id.* at *6. The Court found that Plaintiff's intent to act was too general, explaining, "[Plaintiff] says little about what it plans to do." *Id.* at *2-3. And it concluded that Plaintiff failed

to show a substantial threat of enforcement, highlighting the absence of evidence of looming enforcement. *Id.* at *3-5 (pointing to, e.g., the lack of "concrete examples" of New Jersey making statements evincing an intent to enforce the law against Plaintiffs). Consequently, the Third Circuit remanded with instructions to dismiss the action for lack of jurisdiction. *Id.* at *6.

Plaintiff makes two arguments for why the New Jersey case is distinguishable from this case. Both arguments concern only the last of the four requirements for standing laid out in *Driehaus*, 573 U.S. at 159—the substantial threat of enforcement. First, Plaintiff contends that the threat of enforcement is substantial because, unlike the New Jersey Attorney General, Defendant here has not "disavowed" any intent to enforce SB 302. (D.I. 38 at 1). Second, Plaintiff claims that the threat of enforcement is substantial because SB 302, unlike the New Jersey statute, authorizes a private right of action. (*Id.* at 3). Both arguments fall short.

Plaintiff's first argument fails for the simple reason that it relies on events that transpired after the filing date of the complaint. Standing is determined at the time the action commences. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n. 5 (1992); *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) ("'The standing inquiry … focuse[s] on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed.'" (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008))). To support its argument that it faces a substantial threat of enforcement, Plaintiff highlights a subpoena issued by the Delaware Department of Justice to Cabela's, one of Plaintiff's members. (D.I. 38 at 3). But that subpoena was issued on February 15, 2023, roughly three months after Plaintiff filed its complaint. (*Delaware v. Cabela's Inc.*, C.A. No. 23-cv-00790-RGA (D. Del. Aug. 18, 2023), D.I. 6 at 2). I therefore agree with Defendant (D.I. 41 at 4-5) that the subpoena is immaterial here. Plaintiff also points to several instances in which, according to Plaintiff, Defendant indicated its intention

3

to bring enforcement actions against NSSF members. (*See* D.I. 38 at 2 (discussing Defendant's comments at oral argument in February 2023, as well as Defendant's subsequent refusal to agree to a stay of enforcement of § 3930)). These statements are insufficient for the same reason the subpoena is insufficient; they occurred after the suit was filed.

Plaintiff's second argument does not convince me either. It is true enough that "the risk of enforcement is greater when private parties can enforce the law." *Nat'l Shooting Sports Found.*, 2023 WL 5286171, at *4 (citing *Driehaus*, 573 U.S. at 164). But as Defendant notes, "[Plaintiff] has not pointed to any lawsuit filed or threatened by a private party." (D.I. 41 at 5). Indeed, Plaintiff presents no other evidence that there was a substantial threat of enforcement—from private parties or from Defendant—at the time the suit was filed. No such facts are alleged in the Complaint. (D.I. 1). Given these shortcomings, I do not think that Plaintiff's second argument passes muster.

For the foregoing reasons, I conclude that Plaintiff lacks Article III standing to pursue its pre-enforcement challenge of SB 302. I therefore DISMISS this action without prejudice.

IT IS SO ORDERED.

Entered this 8th day of September, 2023.

/s/ Richard G. Andrews
United States District Judge